IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Felicia A. Bailey, | : | |
| --- | --- | --- |
| Plaintiff | : | Case No. 2:08-cv-01074 |
| v. | : | Judge Marbley |
| Michael J. Astrue, | : | Magistrate Judge |
| Commissioner of Social Security, | : | |
| Defendant | : | |

**ORDER**

This matter is before the Court on plaintiff Felicia Bailey's July 20, 2009 objections (doc. 21) to Magistrate Judge Abel's June 30, 2009 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Bailey is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff Bailey alleges she became disabled on January 1, 2003, at age 36, by asthma, arthritis in both knees, depression, chest pain, sleep apnea and diabetes. She has a high school education, but always attended special education classes. Bailey's past work experience includes driver, cleaner, laundry worker, sorter, home health aide, and clothes store associate. The administrative law judge ("ALJ") found that Bailey could not perform her previous work, but found that she retains the ability to perform a reduced range of light work. The Magistrate Judge recommended that the Commissioner's

decision be affirmed because it is consistent with the law and supported by substantial evidence.

Plaintiff essentially makes four arguments:

- The vocational expert's testimony was not consistent with the *Dictionary of Occupational Titles*.
- There was not substantial evidence for the ALJ's finding that she was capable of understanding, remembering, and performing simple, one-to-two step instructions.
- The ALJ failed to address a state agency mental RFC assessment, and incorporate the limitation from the assessment into a hypothetical for the vocational expert.
- The ALJ failed to reasonably assess her credibility.

None of these arguments are persuasive. Each will be addressed separately below.

<u>Alleged inconsistency with the DOT</u>. Social Security Ruling 00-4p states that when a vocational expert provides testimony about the requirements of a job, the ALJ has an "affirmative responsibility to ask about any possible conflict between that [vocational expert] evidence and information provided in the DOT. " Plaintiff asserts that the ALJ here failed to do so. Based on the medical expert's testimony, the ALJ instructed the vocational expert to assume that Bailey was limited to lifting up to 20 pounds occasionally and 10 pounds frequently, sitting for 2 hours at a time and 6 hours during an 8 hour work day, and standing/walking for 30 minutes at a time and 4 hours

2

during an 8 hour work day. Based on those and other restrictions, the vocational expert testified that Bailey could perform about 75% of unskilled sedentary jobs and 20% of unskilled light jobs, including some sorting and packing jobs. (R. 85-87.) Although the ALJ asked the vocational expert whether her testimony about how plaintiff's prior jobs were performed was consistent with the DOT (R. 84-85), she did not ask her whether the sedentary and light jobs she said Bailey could perform were jobs performed as described in the DOT.

As the Commissioner argued and the Magistrate Judge held, Report and Recommendation at pp. 13-15, plaintiff failed to identify any conflict between the vocational expert's testimony and the DOT. Her objections merely assert that many light jobs require the ability to stand/walk for 6 hours during an 8 hour work day, but it does not assert that any of the light work jobs identified by the vocational expert required standing or walking for more than 4 hours during an 8 hour work day. Indeed, the vocational expert testified that Bailey could perform only about 20% of unskilled light jobs, which suggests that she carefully culled from the universe of light jobs only those consistent with the ALJ's residual functional capacity findings. Plaintiff has failed to demonstrate that the ALJ's failure to expressly ask the vocational expert whether the jobs she identified that plaintiff could perform were jobs as described in the DOT prejudiced her in any way.

<u>Ability to understanding, remembering and performing simple, one-to-two step instructions</u>. Plaintiff argues that there is not substantial evidence supporting the ALJ's

finding that Bailey can understand, remember, and perform simple, one-to-two step instructions. She relies on the fact that she graduated from high school in special education courses and her testimony that she cannot read or write.[1] Plaintiff argues that the ALJ erred when she told the vocational expert to assume a person with Bailey's education and work experience. Plaintiff further argues that the ALJ's residual functional capacity was inconsistent with Dr. Rain's opinion that Bailey ability to understand and carry out simple instructions and to perform simple, routine tasks was moderately impaired. (R. 339.)

The ALJ did not err. She found credible and relied on a psychological evaluation that found plaintiff Bailey capable of understanding, remembering and performing simple, one-to-two step instructions. (R. 346-48; 418; 423; and 563-67.) Further, the record demonstrates that the vocational expert was aware that Bailey was in special education classes, so the expert was not misled by the ALJ's hypothetical. For the reasons stated in the June 30, 2009 Report and Recommendation, at pp. 15-17, the Court finds that the ALJ did not commit error when she found Bailey capable of understanding, remembering and performing simple, one-to-two step instructions.

<u>State agency mental RFC assessment</u>. There was conflicting evidence. The ALJ resolved that conflict against Bailey. Plaintiff points to no legal error. The Court adopts

---

[1]The Court notes that an October 2005 reading test indicated that Bailey 's vocabulary was at the 7.4 grade level and her reading comprehension was at the 9.8 grade level. (R. 339.)

the assessment made by the Magistrate Judge. June 30, 2009 Report and Recommendation, at pp. 15-17.

<u>Plaintiff's credibility</u>. Plaintiff disagrees with the ALJ's credibility determination but fails to demonstrate that it was erroneous. For the reasons stated in the June 30, 2009 Report and Recommendation, at pp. 17-18, the Court concluded that this assignment of error is without merit.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED.** Defendant's motion for summary judgment is **GRANTED.** The decision of the Commissioner is **AFFIRMED.** The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED.**

                                                    s/Algenon L. Marbley
                                                  Algenon L. Marbley, Judge
                                                  United States District Court